IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **ZAKARIA ABDULLAH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**EFPTR LLC**<br><br>*Defendant.* | Case No.  0:25-cv-2088<br><br>**COMPLAINT CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Zakaria Abdullah brings this Class Action Complaint and Demand for Jury Trial against Defendant EFPTR LLC ("Defendant" or "EFPTR") and alleges as follows:

1. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the Telephone Consumer Protection Act and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### PARTIES

2. Plaintiff is an individual located in this District.

3. Defendant EFPTR is a limited liability company.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

5. This Court has specific personal jurisdiction over EFPTR because the telemarketing calls were made into this District.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at

issue were orchestrated and sent from District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

7. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were

harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## FACTUAL ALLEGATIONS

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff's residential telephone number is (734) 770-XXXX.

11. Plaintiff personally listed his telephone number on the National Do-Not-Call Registry on May 3, 2024, and has not removed it from the Registry since that time.

12. Plaintiff uses this telephone number for personal, residential, and household purposes.

13. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the number for business purposes.

14. Nevertheless, over the past twelve (12) months, Plaintiff received at least ten (10) telephone solicitations from, or on behalf of, Defendant on his residential telephone (734) 770-XXXX, including, but not limited to, the following:

- January 29, 2025, at 12:21 p.m. from the number (320) 264-9968
- January 29, 2025, at 12:22 p.m. from the number (320) 264-9968
- February 5, 2025, at 10:07 a.m. from the number (320) 264-9968
- February 12, 2025, at 9:45 a.m. from the number (320) 264-9965

15. These calls were made for the purpose of marketing business financing to Plaintiff.

16. On at least three (3) occasions, Plaintiff answered Defendant's calls and informed Defendant's representatives that he was not interested in Defendant's services.

17. In fact, Plaintiff specifically requested to be placed on Defendant's internal Do-Not-Call Registry.

18. Furthermore, Plaintiff informed Defendant's representatives that he was not the intended recipient of the calls as he was not the business owner of the company Defendant sought to market business funding for.

19. In another attempt to stop Defendant's persistent and harassing telemarketing, Plaintiff emailed a cease-and-desist letter to Defendant at info@easternfinancialpartners.com on March 17, 2025.

20. In the letter, Plaintiff outlined the unwanted solicitation calls he received from Defendant.

21. Additionally, Plaintiff iterated that he made verbal Do-Not-Call Requests to Defendant's representatives that were not honored.

22. Plaintiff requested that Defendant respond to his letter in writing within ten (10) days of receipt and confirm that Defendant permanently removed his number from their call lists.

23. Plaintiff did not receive a response to the letter from Defendant.

24. Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

25. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

26. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

27. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

28. The Class as defined above is identifiable through phone records and phone number databases.

29. The potential Class members are likely to number at least in the thousands. Individual joinder of these persons is impracticable.

30. The Plaintiff is a member of the Robocall Class.

31. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether Defendant violated the TCPA by placing calls to numbers on the National Do Not Call Registry;

   b. Whether Defendant placed calls without obtaining the recipients' prior express consent for the calls;

   c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

32. The Plaintiff's claims are typical of the claims of class members because he received the same type of telephone contact as others in alleged violation of a single federal statute.

33. The Plaintiff is an adequate representative of the Class because his interests do

not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents him.

34. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

35. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

36. The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class's membership described above.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Do Not Call Provisions

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

39. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

40. These violations were willful or knowing.

41. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

42. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5); and

E. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 13th day of May, 2025.

Dated: May 13, 2025          By:  */s/ Raina C. Borrelli*
                                  Raina C. Borrelli ((MN No: 0392127)
                                  Cassandra P. Miller (*pro hac vice to be filed*)
                                  STRAUSS BORRELLI PLLC

One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
cmiller@straussborrelli.com

Anthony I. Paronich (*pro hac vice to be filed*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and Proposed Class*